METHVEN et al. v. STATEN ISLAND LIGHT, HEAT & POWER CO.

In re ROEBLING.

(Circuit Court of Appeals, Second Circuit.    March 5, 1895.)

ASSIGNMENT OF CHOSES IN ACTION—PRIORITIES—NOTICE TO DEBTOR.
Where two assignments of a chose in action, for valuable consideration, are made to different persons, the assignee who first gives notice of his claim to the debtor has the prior right, though the assignment to him is later in date than that to the other assignee.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This is an appeal from so much of a final decree in this cause as adjudges the lien of the Atlantic Trust Company upon a fund in the custody of the court, part of the assets of the Staten Island Light, Heat & Power Company, a prior lien to that of Anton G. Methfessel.    The suit is a creditor's suit, in which a receiver of all the property of the Staten Island Light, Heat & Power

Company was appointed, January 11, 1893. The fund consists of moneys earned by that company by furnishing light to the village of Port Richmond, pursuant to a contract between the company and the village, of the date of December 12, 1889. After the suit was brought, the receiver collected the earnings from the village. Methfessel and the Atlantic Trust Company intervened in the cause, each claiming priority by virtue of their respective liens upon the fund.

Samuel M. Hitchcock, for appellant Methfessel.

Sullivan & Cromwell (Edward B. Hill, of counsel), for Atlantic Trust Co., respondent.

Before BROWN, Circuit Justice, and WALLACE and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. The single question is whether the Atlantic Trust Company or Methfessel acquired the first lien upon the fund in controversy. The only facts in the record which it is necessary to refer to are these: The lighting company, February 8, 1890, executed a deed of trust, by which, among other things, it assigned all the moneys to become due and payable from the village under the contract to the trust company. September 12, 1892, the lighting company, by an instrument in writing, assigned to Methfessel all its interest in the contract to the extent of $2,000, as collateral security for a loan of that amount, made at the time by Methfessel to the light company. At the same time the lighting company delivered to Methfessel the original contract. Methfessel was not informed of the prior assignment to the trust company. About January 1, 1893, Methfessel notified the board of trustees of the village of the assignment to him. Shortly thereafter he attended a meeting of the board, exhibited to them his assignment and the original contract, and notified them of his claim to the earnings which had then accrued. The board promised to protect his claim. So far as appears by the record, no notice was ever given by the trust company to the board of trustees or other authorities of the village of its assignment from the light company.

The question which of different assignees of a chose in action by express assignment from the same person—the one whose assignment is prior in time, or the one who first gives notice to the debtor—will have the prior right, is one in respect to which there is much conflict of authority. See Story, Eq. Jur. (13th Ed.) § 1047; Pom. Eq. Jur. § 693. The authorities are collected in the notes of these commentators, and it will not be useful to recapitulate them. In England, since the cases of Dearle v. Hall, 3 Russ. 1, and Loveridge v. Cooper, Id. 30, it has been the settled doctrine that the assignee who first gives notice to the debtor obtains priority. This is in obedience to the general principle which requires that all transfers of property must be rendered as complete as the nature of the action will permit, in order to make them valid as against subsequent bona fide purchasers for valuable consideration without notice. Many of the adjudications in this country adopt that doctrine. On the other hand, the courts of this

state, as well as of many other states, hold otherwise, and pronounce in favor of the priority of the assignee who is prior in point of time, whether he has given notice to the debtor or not. It is said by Mr. Bispham:

"The rule that, in order to protect the title of an equitable assignee as against a subsequent assignee, notice of the assignment should be given, is one that is based upon sound principle, and would seem, for many obvious reasons, to commend itself for adoption." Bisp. Eq. § 169.

As we understand the judgments of the supreme court of the United States in Judson v. Corcoran, 17 How. 612, and Spain v. Hamilton's Adm'r, 1 Wall. 604, they approve the doctrine of Dearle v. Hall and Loveridge v. Cooper. These cases are cited, and impliedly followed, by the supreme court in each opinion. In Judson v. Corcoran the court said:

"It is certainly true, as a general rule, as above stated, that a purchaser of a chose in action or of an equitable title must abide by the case of the person from whom he buys, and will only be entitled to the remedies of the seller. Yet there may be cases in which a purchaser, by sustaining the character of a bona fide assignee, will be in a better situation than the person was of whom he bought; as, for instance, where the purchaser who alone had made inquiry, and given notice to the debtor or to a trustee holding the fund (as in this instance), would be preferred over the prior purchaser who neglected to give notice of his assignment, and warn others not to buy."

In Loveridge v. Cooper, the court used this language:

"But in order to perfect his title against the debtor, it is indispensable that the assignee should immediately give notice of the assignment to the debtor, for otherwise a priority of right may be obtained by a subsequent assignee, or the debt may be discharged by a payment of the assignee before such notice."

Whatever view we might otherwise be disposed to take of the question, we are concluded by the authority of these judgments. As the question is one of general jurisprudence, this court is not controlled by the decisions of the highest court of the state, but is to give to them such weight and consideration as their high authority deserve.

The assignment to Methfessel was of part only of the debt due from the village of Port Richmond, and, within the case of Mandeville v. Welch, 5 Wheat. 277, and some others which might be cited, might not have been obligatory upon the village, had not the board of trustees consented to recognize it, and protect him. Under the circumstances, the partial assignment was fully operative. Ex parte Alderson, 1 Madd. 53; Yeates v. Groves, 1 Ves. Jr. 280; Lett v. Morris, 4 Sim. 607; Bourne v. Cabot, 3 Metc. (Mass.) 305. For these reasons the decree of the circuit court is reversed.