THIRD NAT. BANK OF PHILADELPHIA v. ATLANTIC CITY et al.

(Circuit Court, D. New Jersey. December 7, 1903.)

1. EQUITABLE ASSIGNMENTS—PRIORITY—NOTICE TO DEBTOR.
   Orders given by a contractor for the payment of money due or to become due under his contract constitute equitable assignments of the fund, pro tanto, where given for a valuable consideration; and the right of priority as between different assignees depends upon the date of the notice given by the assignee to the debtor, and not upon the date of the orders, such notice being essential to perfect the claim of the assignee against the debtor.

2. SAME—WHAT CONSTITUTES NOTICE.
   A contractor for a city building made an order requesting the city comptroller to issue a warrant in favor of a bank, to be charged to his account, which he presented to the comptroller, who accepted it conditionally by an indorsement thereon. The contractor subsequently delivered such order to the bank, which advanced him money thereon. *Held*, that the presentation of the order to the comptroller by the contractor was not notice to the city of an equitable assignment of money due or to become due the contractor, since it had not at that time become effective, but that the date of the claim, as fixing its priority with respect to other assignees, was the date upon which notice was given to the comptroller by the bank of its ownership of the order.

3. MECHANICS' LIENS—NOTICE TO OWNER OF CLAIM—NEW JERSEY STATUTE.
   Under the New Jersey statute, the mere filing with the financial officer of a city of a claim for materials furnished to a contractor for a city building creates no lien upon the money which may be due the contractor, and such officer is not thereby justified in withholding payment

---

¶ 1. See Assignments, vol. 4, Cent. Dig. §§ 102, 149, 150.

of the same longer than the 90 days given the claimant within which to commence suit, and give notice thereof to the city.

**4. EXECUTION—LEVY ON FUND—LIEN ACQUIRED.**

A levy of execution on the interest of the judgment debtor in money due from a city on a contract under the law of New Jersey creates a lien which takes priority of subsequent equitable assignments of the fund by the debtor.

**5. ATTACHMENT—LEVY ON FUND—LIEN ACQUIRED.**

An attachment of the interest of a defendant in a fund gives the creditor only such rights in the fund as the debtor has at the time of the levy, and is subject to equitable assignments previously made which were enforceable against the debtor, whether or not they had been perfected so as to be enforceable against the holder of the fund.

Augustus B. Repetts, for complainant.

Clarence L. Cole, for Joseph Miller.

Joseph R. Embury, for Saml. A. Stoneback and National Security Bank.

Godfrey & Godfrey, for Atlantic City Lumber Co.

KIRKPATRICK, District Judge.   It appears from the record in this case that on the 2d day of July, 1900, Mark P. Wells and Edward P. Young, then partners under the name of M. P. Wells & Co., entered into a contract with commissioners appointed by the mayor and common council of the city of Atlantic City for the erection of a new city hall, whereby it was agreed that the firm of M. P. Wells & Co., in consideration of $74,873, should build a certain building to be used as a city hall in Atlantic City; that the said contract was satisfactorily performed; that the work was approved by the said commissioners, and accepted by the city of Atlantic City, which entered into possession thereof on the 7th day of August, 1901; and that by the terms of said contract the final installment of the contract price, viz., $18,692, was payable on the fulfillment of said contract. Some controversy arose between the contracting parties in regard to the character of the work done, so that the amount to be paid M. P. Wells & Co. in final settlement was not agreed upon until November 20, 1902.   As has been said, the balance due from the city is $18,692, and is being held by the city to await the determination of the validity and priority of various claims which have been filed against the fund. It also appears that M. P. Wells & Co. became indebted to the various parties, and, desirous of raising funds for the completion of the work or other purposes, in consideration of such indebtedness or advances, executed and delivered at various times orders upon the comptroller of the city of Atlantic City to pay to said creditors or other parties certain sums of money, out of the balance in his hands, due or to become due on said contract, which orders were accepted by said comptroller by a qualified indorsement thereon.   These orders make an appropriation of so much of the fund on which they are drawn as will be sufficient to satisfy them, and amount to an equitable assignment thereof pro tanto, which a court of equity will enforce when made for a good and valuable consideration.   Nesmith v. Drum, 8 Watts & S. 10, 42 Am. Dec. 260.   While as between the parties the assignment may be valid from its date, yet, to protect his claim and perfect his

title against the debtor, it is necessary for the assignee to give notice to the debtor that the obligation has been transferred. Laclede Bank v. Schuler, 120 U. S. 516, 7 Sup. Ct. 644, 30 L. Ed. 704. Such "giving notice is equivalent to the act of taking possession." 2 Pomeroy's Eq. Juris. p. 695.

There has been much conflict of authority in the state courts with reference to the priority existing between successive assignees of the same fund—whether the one whose assignment is prior in time, or the one who first gives notice to the debtor, is entitled to be first paid—but, so far as this court is concerned, it feels itself concluded by the judgments rendered in the Supreme Court of the United States in Judson v. Corcoran, 17 How. 612, 15 L. Ed. 331, and Spain v. Hamilton's Adm'r, 1 Wall. 604, 17 L. Ed. 619. These cases were considered by the Circuit Court of Appeals for the Second Circuit in Methven v. Staten Island Light, Heat & Power Company, 66 Fed. 113, and, in accordance with the principle therein laid down, the court find that:

"Where two assignments of a chose in action, for valuable consideration, are made to different persons, the assignee who first gives notice of his claim to the debtor has prior right, though the assignment to him is later in date than that to the other assignee."

These holders of these equitable assignments, then, as between themselves, are entitled to payment from the fund in the order in which they gave notice thereof to the debtor, and to the extent which they had given consideration therefor.

The only assignment concerning which there is any question of the date upon which notice was given to the debtor is that of the Third National Bank. As to this assignment, the record shows that on May 31, 1901, M. P. Wells & Co. addressed A. M. Heston, comptroller of Atlantic City, a letter, of which the following is a copy:

"Dear Sir: Please draw a warrant for seven thousand and five hundred dollars to Third National Bank Philadelphia and deduct the same from the amount of my warrant per City Hall contract due M. P. Wells & Co. $7,500."

Indorsed: "Accepted and to be paid from money due M. P. Wells & Co. on filing architect's certificate in this office. A. M. Heston, Comptroller."

Note: "City Comptroller will not hold himself responsible for the payment of the above unless the order is filed in this office at least five days before the date of the warrant."

There also appears on the back of the order, "Nov. 20, 1901."

This order was first seen by the Third National Bank June 1, 1901, and it was after that date that the money was advanced to Wells & Co. by the bank on its security. From June 1st to November 8th the order remained in the possession of the Third National Bank, and on November 20th was first presented by them, or on their behalf, to the debtor of Wells & Co. It cannot be successfully contended that the presentation of this order to the debtor by M. P. Wells on the 31st of May, 1901, was a notice of the assignment to the bank which would stand in the place of the notice required to be given by the assignee, because, so long as Wells had the possession and control of the order, and no delivery had been made by him to the assignee, there was no valid assignment in existence. There was on May 31st nothing more on the part of Wells than a mere intent to assign pro-

vided the bank made the advance on its security which he desired. The bank then had no interest in the assignment, and it was yet optional with Wells whether it should acquire any. The retention of any power of revocation by the assignor is fatal to the claim of the assignee. Christman v. Russell, 14 Wall. 69, 20 L. Ed. 762.

For these reasons, I am of the opinion that the Third National Bank acquired no interest in the fund until after it had advanced money on the security of the assignment, and given notice of its claim to the debtor. Such notice was not given by it until November 20, 1901. Equitable assignments of subsequent date are not preferred over those having a prior date, notice of which has been given to the debtor, unless those of the latter class are given for a valuable consideration.

The claims of Stoneback and the National Security Bank are objected to by the complainant on the ground that no consideration was given therefor. In my opinion, this contention is not sustained by the testimony. The giving of credit to Wells & Co. by Stoneback on account of the money due Stoneback on the contract was a sufficient consideration.

On the 30th of November, 1901, the Atlantic City Lumber Company filed a notice, dated September 14, 1901, with the comptroller of Atlantic City, that there was due it from Wells & Co. for materials furnished in the erection of the new city hall, the sum of $5,665.34. This claim is not verified, is not in the form of a judgment, and the court has no means of determining its amount or validity. The mere filing of such a claim, even when verified, creates no charge upon the fund in the hands of the debtor; nor is the financial officer of the city justified in retaining for its payment any part of the money which may be due the contractor longer than the time prescribed by the statutes in which can be made a lien upon the property. Such action must be commenced within 90 days from the filing of the claim, and notice of the pendency thereof filed with the financial officer. Under these circumstances, the officer must hold enough of the fund in his hands awaiting the determination of the suit in which the contractor's indebtedness may be judicially determined. As the case is presented, I am of opinion that the Atlantic City Lumber Company has no claim upon the fund.

The notice of Whitman & Co., setting up a claim for $85, and that of Kraus & Co., are in the same category with that of the Atlantic City Lumber Company. The record shows that M. C. McCauley & Sons on June 20, 1901, recovered a judgment in the Atlantic City district court against Wells for $228.13, and that one of the constables of the county, by virtue of an execution issued thereon, levied upon the interest of M. P. Wells in said fund, and gave notice thereof to the comptroller. This judgment is entitled to priority of payment over any of the equitable assignments of the fund which bear date subsequent to the date of the levy made thereunder.

The record shows that Joseph Miller, on the 22d of August, 1901, sued out in the circuit court of Atlantic county a writ of foreign attachment against Wells & Co., and their interest in the fund in question was attached thereunder by the sheriff of Atlantic county. An

attaching creditor, not being purchaser for value, has only such rights in the fund as his debtor had in the fund at the time the attachment is levied. If the attaching creditor acquired any interest in the fund by this proceeding, he took it subject to all the rights and equities which might be enforced against the debtor. Among these were the rights of the equitable assignees to be first paid out of the fund. The Elmbank (D. C.) 72 Fed. 610.

The allowance of the claim of Charles R. Myers is objected to because no testimony was produced on his behalf to show when the notice of the assignment was served upon the city. An examination of the record shows that Mr. Heston, the city comptroller of Atlantic City, testified that the order of Myers was filed with him on the same day it bears date, viz., September 9, 1901. This statement is not contradicted by any one, and must be taken as true. The claim is therefore entitled to payment as of the date of such filing of notice.

Let a decree be drawn in accordance with these views.