THIRD NAT. BANK OF CITY OF PHILADELPHIA v. ATLANTIC CITY et al.

(Circuit Court of Appeals, Third Circuit. June 21, 1904.)

No. 49.

1. EQUITABLE ASSIGNMENT—NOTICE—ACCEPTANCE OF ORDER.

A contractor for a city building, to whom money was due from the city, presented an order to the comptroller, requesting him to issue a warrant for a specified sum in favor of a bank, which order the comptroller, by an indorsement thereon, accepted, to be paid when the architect's certificate should be filed. The next day the contractor delivered the order to the bank, which advanced him money thereon. Held, that the accepted order, on its delivery, operated not merely as an equitable assignment of so much of the fund as was covered thereby, but as a transfer of the legal title thereto to the payee, creating a direct indebtedness from the city to the bank as of the date of the acceptance; that no further notice to the city than was involved in the presentation and acceptance of the order was required.

2. DECREE PRO CONFESSO—CONCLUSIVENESS—MATTERS CONCLUDED.

Where a bill to establish complainant's right to a fund which set out the grounds of such right, and alleged its priority was taken pro confesso as to certain defendants, and a decree rendered thereon as provided in equity rule 19, after the expiration of the term such decree became con-

clusive against the defendants in default as to any claim which might have been set up in answer to the bill, whether or not such claim was correctly recited therein.

Appeal from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 126 Fed. 413.

A. B. Repetto, for appellant.

John R. Embery, for appellee.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This bill was brought by the Third National Bank of Philadelphia against the city of Atlantic City and others to enforce payment to the complainant of the sum of $7,500 out of a fund amounting to $18,692.72 in the hands of the city; the same being a balance due to M. P. Wells & Co. upon a contract for the erection of a city hall. The bank claims such payment under the following order and acceptance:

"Property Atlantic City, N. J., May 31, 1901.
A. M. Heston, City Comptroller,
Dear Sir:—Please issue a warrant for Seven thousand Five hundred Dollars to Third National Bank, Philada. and deduct the same from the amount of my Warrant for City Hall Contract, due
$7500.00 M. P. Wells & Co.
"Note.—The City Comptroller will not hold himself responsible for the payment of the above, unless the order is filed in this office at least five days before the date of Warrant."
Indorsed: "Accepted and to be paid from moneys due M. P. Wells & Co. on the filing of architects' certificate in this office. A. M. Heston
"Comptroller."

This acceptance was written and signed by Mr. Heston, the comptroller of the city of Atlantic City, on the day of the date of the order.

The evidence shows that about May 28, 1901, M. P. Wells & Co. applied to the above-named bank for a loan, stating that money was due to them from the city of Atlantic City. They were told by the cashier of the bank to get a writing to that effect from the city comptroller, and a statement that he would accept an order for a certain amount. Accordingly M. P. Wells & Co. procured the acceptance of the foregoing order, and on June 1, 1901, delivered to the bank the order and acceptance as security for money they desired to borrow, and upon the faith thereof the bank loaned to M. P. Wells & Co. $5,000 on June 1, 1901, and subsequently $2,500 more.

This controversy is between the complainant and other creditors of M. P. Wells & Co., defendants in the bill, who respectively hold equitable assignments of portions of the said fund by virtue of orders drawn by M. P. Wells & Co. upon the city comptroller. The city itself has no interest in the distribution of the fund between the claimants.

The court below held that the bank acquired no interest in the fund by virtue of the acceptance of its order by the city comptroller, and its advancement of money upon the security thereof, and that its right to the fund did not attach until it gave notice of its claim to

the debtor, which was not until November 20, 1901, when the bank lodged its order with the city comptroller. The court therefore decreed that other claimants who had given notice to the comptroller prior to November 20, 1901, of their orders, were entitled to preference over the complainant.

The court ruled the case against the complainant upon the ground that where two assignments of a chose in action, for valuable consideration, are made to different persons, the assignee who first gives notice of his claim to the debtor has prior right. Laclede Bank v. Schuler, 120 U. S. 511, 516, 7 Sup. Ct. 644, 30 L. Ed. 704; Methven v. Staten Island Light, Heat & Power Co., 66 Fed. 113, 13 C. C. A. 362. But even upon that principle the conclusion of the court, we think, was wrong. The order of May 31, 1901, in favor of the Third National Bank of Philadelphia, was accepted on that day by the comptroller of the city of Atlantic City, who was the fiscal agent of the city, and clothed with the amplest powers touching all its fiscal concerns. The comptroller placed the accepted order in the hands of the drawers, creditors of the city, who the next day delivered it to the payee as security for a loan of money. M. P. Wells & Co. made such use of the accepted order as presumably was intended by the comptroller. The bank had a right to rely upon the acceptance of the comptroller, and when, on June 1st, it loaned to M. P. Wells & Co. $5,000 on the faith of the accepted order, the transaction was consummated and became irrevocable. The title of the bank to the accepted order and to the fund covered thereby was then complete, and related back to the date of the acceptance, May 31st. No further notice was necessary to perfect the bank's title. Notice was involved in the transaction. Moreover, the complainant does not stand upon a mere equity. The bank is not simply the holder of an order operating as an equitable assignment of the fund. The complainant holds, for value, an accepted order. The city became directly liable to the payee, the bank. The title of the complainant to the fund is grounded upon a legal right.

The assignments of error present for our determination another question, arising upon a decree in this cause entered against the Atlantic City National Bank, one of the defendants, under equity rule No. 19 of the Supreme Court of the United States, which provides that:

"When the bill is taken pro confesso the court may proceed to a decree at any time after the expiration of thirty days from and after the entry of the order to take the bill pro confesso and such decree rendered shall be deemed absolute unless the court shall, at the same term, set aside the same or enlarge the time for filing the answer upon cause shown upon motion and affidavit of the defendant."

The Atlantic City National Bank was duly served with the subpœna on the 31st day of January, 1902, and, having failed to appear or plead, answer, or demur to the bill of complaint, an order was entered on the 12th day of April, 1902, that the bill be taken pro confesso against the Atlantic City National Bank and certain other defendants who were in default. On the 24th day of May, 1902, a de-

cree was entered against the Atlantic City National Bank and the other defendants included in the order pro confesso "that said defendants have not, nor has any of them, any right, title, claim, or interest whatever in or to that certain fund of $18,692.72 in said bill of complaint particularly mentioned; that the claim of the complainant thereto is good and valid and that the said defendants and each of them be, and they and each of them are, forever enjoined and restrained from asserting any claim whatsoever in or to said fund adverse to complainant." No application was made to the court during the term to set aside that decree, and it became absolute under the above-cited rule. Nevertheless the court below, in its decree of January 4, 1904, brought before us by this appeal, gave priority to the Atlantic City National Bank upon its order over the claim of the complainant. This was inadmissible. Thomson v. Wooster, 114 U. S. 104, 114, 5 Sup. Ct. 788, 793, 29 L. Ed. 105. In that case Mr. Justice Bradley, speaking for the court, said:

"From the authorities cited, and the express language of our own rules in equity, it seems clear that the defendants, after the entry of the decree pro confesso, and whilst it stood unrevoked, were absolutely barred and precluded from alleging anything in derogation of or in opposition to the said decree, and that they are equally barred and precluded from questioning its correctness here on appeal, unless on the face of the bill it appears manifest that it was erroneous and improperly granted. The attempt on the hearing before the master to show that the reissued patent was for a different invention from that described in the original patent, or to show that there was such unreasonable delay in applying for it as to render it void, under the recent decisions of this court, was entirely inadmissible, because repugnant to the decree. The defendants could not be allowed to question the validity of the patent which the decree had declared valid."

Here the bill set out the order and acceptance of May 31, 1901, and expressly averred priority of right in the complainant by virtue thereof. The question of priority as between the complainant and the Atlantic City National Bank was thus directly involved, and it was expressly decided in favor of the complainant. It is true that the bill stated that the Atlantic City National Bank claimed to have a lien on the fund by virtue of a certain writ of foreign attachment, and did not mention an order in favor of this defendant bank. But if the bank had a defense grounded on an order, it was bound to set it up in answer to the bill. Stockton v. Ford, 18 How. 418, 15 L. Ed. 395; Aurora City v. West, 7 Wall. 82, 19 L. Ed. 42; Cromwell v. County of Sac, 94 U. S. 351, 352, 24 L. Ed. 195. In the latter case the rule as to the conclusiveness of a judgment, if rendered upon the merits, is thus stated:

"It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

A judgment by default is just as conclusive an adjudication between the parties of whatever is essential to support the judgment as when rendered after answer and contest. Last Chance Mining Company v. Tyler Mining Company, 157 U. S. 683, 691, 15 Sup. Ct. 733, 39 L. Ed. 859.

The decree of the Circuit Court is reversed, and the case is remanded to that court for further proceedings in accordance with the views expressed in the foregoing opinion.