## In re GREENBERG.

### No. 38181.

District Court, E. D. New York.

July 27, 1943.

920

See, also, D.C., 46 F.Supp. 289.

Duberstein & Schwartz, of Brooklyn, N.Y., for trustee.

Sullivan & Cromwell, of New York City, for Mercer Tube Mfg. Co. et al.

GALSTON, District Judge.

The trustee in bankruptcy filed a petition seeking to restrain O. L. Long, Matilda J. Long, John E. Shook, Anna E. Shook and Ray F. Eisenbies from prosecuting an action in the Western District of Pennsylvania against himself as trustee in bankruptcy of Henry Greenberg, and Henry Greenberg individually; he seeks also to restrain Donald V. Sawhill and Mercer Tube & Manufacturing Company from further prosecution of a suit instituted by Sawhill against the Republic Steel Corporation in the Western District of Pennsylvania, and seeks to enjoin them from transferring or otherwise encumbering certain shares of stock of the Mercer Tube & Manufacturing Company.

The respondents appear specially for the purpose of objecting to the jurisdiction of this court on the ground that under Section 2 of the Bankruptcy Act, 11 U.S.C.A. § 11, this court is without power to issue its process beyond the boundaries of its defined territorial jurisdiction.

■ The contentions of the respondents must in all respects be sustained. All of the respondents are residents of the State of Pennsylvania; none of them has filed a claim in this proceeding or otherwise appeared herein or submitted himself to the jurisdiction of the court. Moreover, in respect to the shares of stock of the Mercer Tube & Manufacturing Company, claimed to be owned by Sawhill, it appears that a judge of the United States District Court of the Western District of Pennsylvania, in a suit of Sawhill against Republic Steel, ordered the stock to be impounded with the clerk of that court, "to preserve the status quo of the res involved in the action now pending in the District Court for the Eastern District of New York, entitled 'Albert Lockhart as Trustee in Bankruptcy of Henry Greenberg, Plaintiff, v. Mercer Tube & Manufacturing Co., Republic Steel Corporation, et al., Defendants' * * * pending termination of said proceeding in the District Court for the Eastern District of New York."

The National Bankruptcy Act, Title 11 U.S.C.A. § 11, defines the powers of courts of bankruptcy, and they are restricted to the exercise of such power within their respective territorial limits, with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings. Significant among the powers conferred is the exercise of "ancillary jurisdiction for persons or property within their respective territorial limits in aid of a receiver or trustee appointed in bankruptcy proceedings pending in any other court of bankruptcy".

■ Consequently it appears not only that this court has no power to issue process such as is here sought over persons not within its jurisdiction, but also that by appropriate application to the United States District Court for the Western District of Pennsylvania, which apparently has jurisdiction of the persons sought to be restrained by the trustee's present motion, the relief sought herein may, if that court so determines, be granted in the proceedings now pending before it. A clear indication of such desire to cooperate is manifested in the order of Judge Schoonmaker, heretofore referred to, wherein he impounded the res pending the termination of the plenary suit brought by the trustee in this district.

The motion is in all respects denied. Settle order.