## LOCKHART v. MERCER TUBE & MFG. CO. et al.

Civ. No. 346.

District Court, D. Delaware.

Dec. 23, 1943.

**302**

Max Schwartz (of Duberstein & Schwartz), of New York City, David S. Keil, of Wilmington, Del., and Harry Mesard, of New York City, for plaintiff Albert M. Lockhart, trustee in bankruptcy.

Aaron Finger (of Richards, Layton & Finger), of Wilmington, Del., William Piel, Jr. (of Sullivan & Cromwell), of New York City, Elder W. Marshall (of Reed, Smith, Shaw & McClay), of Pittsburgh, Pa., and Louis J. Wiesen, of Sharon, Pa., for defendants.

LEAHY, District Judge.

This is an action in rem under Sec. 57 of the Judicial Code, 28 U.S.C.A. § 118, to recover 550 shares[1] of stock of Mercer Tube & Manufacturing Company, a Delaware corporation.[2] Plaintiff, appointed in the Eastern District of New York, is trustee for one Greenberg, a bankrupt. Plaintiff charges Greenberg formerly owned the shares in suit but transferred them with intent to defraud his creditors. Plaintiff-trustee claims the shares are now allegedly owned by defendants who became transferees of the stock with knowledge of Greenberg's illegal acts. Moreover, plaintiff charges the shares were transferred not only under duress but also as a result of a fraudulent conspiracy on the part of certain of the defendants and

others. Plaintiff moved for a restraining order against all defendants from proceeding with old or instituting new litigation with respect to the shares in any court other than in this district until after I have determined plaintiff's right to the shares. All defendants oppose plaintiff's motion for the restraining order. Defendants Long, Shook and Eisenbies, specifically, move to dismiss the complaint as to them on the ground that the asserted claims have already been adjudicated in an action[3] in the United States District Court for the Western District of Pennsylvania, while defendant Davidson moved to dismiss, or for a stay, on the ground that an identical action has been brought by plaintiff against him, is at issue, and awaiting trial in the United States District Court for the Eastern District of New York.[3a] Defendant Sawhill appears specially, and moves to vacate service of the order to show cause for a restraining order for want of this court's jurisdiction on the ground that the United States District Court for the Western District of Pennsylvania has already assumed jurisdiction and control over the res. The only affirmative relief sought against the corporate defendant Mercer Tube & Manufacturing Co. is that it "be directed to pay over to the plaintiff herein the sum of $7500", which, it is alleged, was due Greenberg.

The snarled litigation which is now present as a result of the plaintiff-trustee's efforts to bring Greenberg's transferees to boot starts with March 5, 1943. Plaintiff, as trustee in bankruptcy, commenced an action in the District Court of the United States for the Eastern District of New York.[4] Seeking to set aside the transfers by Greenberg of the shares of stock in Mercer Tube & Manufacturing Company to certain of the defendants named in that action or their predecessors in title, he joined as parties in that action the corporate defendant, Republic Steel Corporation,[5]

---

[1] Under a certain plan of recapitalization, the shares have now been split up into 27,500 shares.

[2] The present action is brought under the authority of Secs. 67, sub. d, 67, sub. e, and 70, sub. e, of the Bankruptcy Act, 11 U.S.C.A. §§ 107, subs. d, e, 110, sub. e.

[3] The action is entitled O. L. Long and Mitilda J. Long, John E. Shook and Anna E. Shook, Ray F. Eisenbies v. Albert Lockhart, as Trustee in Bank-

ruptcy of Henry Greenberg, Civil Action No. 2633.

[3a] After argument, plaintiff dismissed as to Davidson.

[4] Civil Action No. 3160 in that court.

[5] This company holds defendant Sawhill's shares as pledge for a note which has been paid. Republic, fearful of plaintiff's claims, refuses to return the stock to Sawhill until some court speaks with authority as to the trustee's claims.

Charles Buckner, Philip Davidson, and D. V. Sawhill. The latter two, of course, are defendants here. Defendants Long, Shook and Eisenbies were not made parties to the New York action, although the allegations in the amended complaint filed in that action contain the same accusations with respect to the shares held by Long, Shook and Eisenbies as were made with respect to the shares held by the other defendants.

I. Motion of Mercer Tube & Manufacturing Company. The corporate defendant's motion to dismiss the complaint is denied. This court has jurisdiction over Mercer because it is a Delaware corporation, and its shares of stock are involved. Sec. 73 of the Delaware Corporation Law (Rev.Code of 1935, c. 65, Sec. 2105, p. 483) provides: "Situs of Ownership of Capital Stock:—For all purposes of title, action, attachment, garnishment and jurisdiction of all courts held in this State, but not for the purpose of taxation, the situs of the ownership of the capital stock of all corporations existing under the laws of this State * * * shall be regarded as in this State." Hence, an action to determine ownership of stock of a Delaware corporation or to quiet or remove clouds from title to such shares may be brought in this district under Sec. 57 of the Judicial Code.

II. Motions of Long, Shook and Eisenbies. These three defendants instituted an action in the United States District Court for the Western District of Pennsylvania against plaintiff in the case at bar under Sec. 57 of the Judicial Code, 28 U.S.C.A. § 118, to test the merits of plaintiff's claim that the transfer of the Mercer Tube & Manufacturing Company shares by Greenberg to them or their predecessors in interest was illegal. Judge Schoonmaker determined he had jurisdiction under Sec. 57. Substituted service, pursuant to the statute, was had on plaintiff. He allowed a judgment to be taken against him pro confesso. Findings of fact and conclusions of law were filed by Judge Schoonmaker. The court then adjudged that the title of Long, Shook and Eisenbies to their stock was free of all claims and demands theretofore asserted by plaintiff in the case at bar. The relief which plaintiff seeks here would have been free to him to obtain in the Pennsylvania proceeding if he had appeared there and asserted his position. Plaintiff's claims against Long, Shook and Eisenbies are, therefore, res adjudicata.

This circuit has decided a judgment by default is just as conclusive an adjudication between parties of whatever is essential to support a judgment as when rendered after answer and complete contest in the open courtroom. Third Nat. Bank v. Atlantic City, 3 Cir., 130 F. 751. See, too, Restatement, Judgments, § 75, p. 338; and authorities collected in 128 A. L.R. 474.

Plaintiff, however, collaterally attacks the decree entered by the District Court in the Western District of Pennsylvania on the ground that the decree entered there is a nullity because the action was not one to remove a cloud on title to the shares held by the plaintiffs, and by denominating it as such the parties perpetrated a fraud on Judge Schoonmaker's court. The trustee argues that the real purpose of the Pennsylvania action was to obtain an adjudication that the transfer of stock by Greenberg on March 17, 1939, was not made under duress or in fraud of creditors and, therefore, that action was not within the purview of Sec. 57. While the trustee admits that it has been his position at all times that the transfer of the shares by Greenberg was illegal, nevertheless he contends that the mere assertion of a claim or a charge that the transfer was in fraud of creditors, casts no cloud on the title to the shares in the possession of the transferees of the stock. In the light of this position, the District Court in Pennsylvania, the trustee finally argues, had no jurisdiction over him and had, therefore, no jurisdiction over the subject matter of the action.

This argument is astigmatic. Actions to remove clouds on title may be maintained where the threat against title is substantial enough to affect marketability of title. The allegations in the trustee's complaint filed in the action instituted in the Eastern District of New York attacks the original transfer of all the shares transferred by Greenberg, including the shares now held by Long, Shook and Eisenbies. The filing of that complaint created a serious impairment of the marketability of title to the shares now held by all the transferees. I test the question of whether a cloud rests on the title to the shares here in controversy by concluding that I, if I were a banker, would never

lend on the security of these defendants' title, nor would I, if I were a trader, risk purchasing the shares for their fair value in view of the trustee's sworn allegations in the New York pleading.

■ But, in any event, the density or blackness of the cloud does not create jurisdiction. The cloud may be without foundation either in law or in fact. Yet the realistic test is what practical effect the asserted claim has on the title of the holder of the property. If the threat tends to atrophy any attribute of the holders' ownership, i. e., by weakening the stock's value as current collateral or lessening the chance of free sale, then a cloud obviously exists. Moreover, the trustee fails to note that the certificates representing the shares were present at the time of suit in the District Court in Pennsylvania. Judge Schoonmaker's decree was not designed to grant relief in personam against the trustee. On the contrary, the decree was solely an adjudication in rem of the title of the plaintiffs to the shares. I think that the action was properly brought under Sec. 57 in the District Court for the Western District of Pennsylvania in order to test the existence of a judicially cognizable cloud which manifestly impaired Long, Shook and Eisenbies' use and enjoyment of their property. Therefore, the present complaint as to these three defendants will be dismissed.

III. Motion of Sawhill. This defendant moves to vacate the service made upon him pursuant to Sec. 57, first on the ground that this court is without jurisdiction. I have already indicated this court has jurisdiction over both the corporate defendant Mercer Tube & Manufacturing Company and any shares of stock issued by that company. Sawhill's second ground in support of his motion has, however, merit. He has instituted two actions in the District Court of the United States for the Western District of Pennsylvania.[6] The District Court on April 7, 1943, assumed jurisdiction and caused to be impounded with the Clerk of that court the certificates representing 415 of the 550 shares of stock in question, which are the subject matter of the claims asserted by the plaintiff-trustee against defendant Sawhill in the case at bar. Clearly the action pending in the Western District of Pennsylvania involves the same specific property as is here involved. And that action likewise seeks an adjudication of the same claims and issues as are here presented.[7]

■ No doubt the District Court in Pennsylvania acquired jurisdiction of this controversy before the present complaint was filed. The shares in controversy have not only been physically impounded with the clerk of that court but Greenberg's transferees are subject, or are willing to submit, to that court's jurisdiction. Moreover, the corporate defendant conducts its manufacturing and administrative business in Pennsylvania, and that company's principal office is there as well as all its books and records. As I stated before, unquestionably the District Court of Delaware, sitting in the state of the corporation's domicile, has jurisdiction to determine ownership of the shares. But this does not mean exclusive jurisdiction. Factually, the shares in question have been "localized" in the Western District of Pennsylvania. Direction Der Disconto-Gesellschaft v. United States Steel Corp., D.C., 300 F. 741, 746. Hence, the Pennsylvania District Court has jurisdiction under Sec. 57 to adjudicate the rights of all persons in the shares.

■ Plaintiff's contention that Sawhill failed to obtain permission before he brought suit against plaintiff as trustee in bankruptcy is meritless. In an action under Sec. 57, where the effect of naming a trustee in bankruptcy as a party is simply to give him an opportunity to assert any claim he may have, or to put his claim at rest, leave of the bankruptcy court to bring such an action is not necessary because this type of action does not mature a charge on a bankrupt's assets. Such an

[6] These actions are: D. V. Sawhill v. Albert Lockhart, as Trustee in Bankruptcy of Henry Greenberg, Civil Action No. 2739 *, and D. V. Sawhill v. Republic Steel Corporation, Civil Action No. 2529.*

* No opinion for publication.

[7] Sawhill commenced his action in Pennsylvania only after the court in the Eastern District of New York refused to interfere in the similar action started by Long, Shook and Eisenbies. In fact, Judge Galston expressed his confidence and willingness to have the claims of the plaintiff-trustee adjudicated in the District Court for the Western District of Pennsylvania. See In re Greenberg, D. C., 50 F.Supp. 919

action simply invites a trustee to join the proceedings in order to acquire more assets if the trustee's claim has substance.[8]

In Re Triton Chemical Corporation, D.C., 46 F.Supp. 326, 327, 330, recognizing that conflicts over jurisdiction between District Courts in bankruptcy matters are unseemly, I suggested such conflicts may be avoided by deferring proceedings in a second action until the termination of a prior pending action. I thus conclude it unnecessary to determine whether defendant Sawhill must have a dismissal of the present complaint as against him, because for all practical purposes a stay of this action as against him pending the final determination of both the Pennsylvania actions will adequately give him protection, since he will not be required to conduct several lawsuits at the same time; and once the other actions are terminated he may, if he prevails in such other actions, then insert into the case at bar his plea of res judicata. For present purposes a stay of this action as against defendant Sawhill will be granted.

An appropriate order may be submitted upon notice.

---

[8] Analogous types of action have been permitted to be maintained in Re Whitney, 2 Cir., 113 F.2d 426; Massachusetts Mutual Life Insurance Co. v. Grossman, D.C., 4 F.Supp. 990; Smith v. Folsom, 190 Ga. 460, 9 S.E.2d 824. See, too, Remington, on Bankruptcy (4 Ed.) 486.