ZENITH RADIO CORPORATION v. DICTO-
GRAPH PRODUCTS CO., Inc.

Civ. A. No. 747.

District Court, D. Delaware.

July 12, 1946.

Samuel E. Darby, Jr., of New York City, and E. Ennalls Berl (of Southerland, Berl & Potter), of Wilmington Del., for plaintiff.

Walter H. Free (of Campbell, Brumbaugh & Free), of New York City, and Arthur G. Connolly, of Wilmington, Del., for defendant.

LEAHY, District Judge.

1. On the facts alleged in the complaint and if the allegations are proven, there can be no doubt a justiciable controversy exists and a claim for relief has been stated. The only point left is whether this action should be restrained. To crystallize the issues further, the issues of non-infringement and validity of defendant's patents directed at the "Zenith" hearing aids are the same in New York as here. But the question remains whether the present case and the New York case are *between the same parties.*

2. Ordinarily the court first acquiring jurisdiction of a controversy should proceed with it without interference. Crosley Corp v. Hazeltine Corp., 3 Cir., 122 F.2d 925, 930; Carbide & Carbon Chemical Corp. v. United States Industrial Chemicals, Inc., 4 Cir., 140 F.2d 47, 49; American Automobile Ins. Co. v. Freundt, 7 Cir., 103 F.2d 613, 617. Cf. Old Charter Distillery Co. v. Continental Distilling Corp., D.C. Del., 59 F.Supp. 528; Lockhart v. Mercer Tube & Mfg. Co., D.C.Del., 53 F.Supp. 301. Here, difficulty is engendered by questions of res adjudicata. May it be said that a judgment found for or against defendant Radionics in the New York suit will be operative for or against plaintiff Radio here? While not a named party to the New York suit, if plaintiff Radio here will actually be in control of the New York litigation, will the New York judgment be binding on Radio? Cf. Caterpillar Tractor Co. v. International Harvester Co., 3 Cir., 120 F.2d 82, 84, 85, 139 A.L.R. 1, where it was already in the past tense that International had conducted the defense in an infringement suit against one of its dealers, had paid for the entire defense and through its patent department had furnished information and assembled evidence; and E. I. duPont de Nemours & Co. v. Sylvania Industrial Corp., 4 Cir., 122 F.2d 400, 404, where, also in the past tense, although not a party to the first litigation, Sylvania's interest remained unabated and actually controlled the litigation as fully as if it had intervened.

3. To decide the questions just posed as to the effect of the New York judgment, is to decide the matter in vacuo, for there is no New York judgment, as yet, and hence no reason to decide the existence of plaintiff Radio's liability or absence of liability, for a New York decree against its wholly owned subsidiary Radionics. The New York court might find the patents in suit valid and infringed; I might think otherwise; or, the New York court might find the patents invalid and not infringed; I might, it is possible, find otherwise. On the present state of the record, there is not sufficient justification to make a prognosis that plaintiff here will actually control and direct the New York litigation. Plaintiff here, to afford itself a remedy, may or may not accept defendant's invitation to join the New York litigation. Awaiting further developments in the New York litigation, the present action will not be dismissed or restrained. If, however, circumstances develop so as to bring the matter within the facts of the Caterpillar Tractor Co. case, supra, defendant's motion may be renewed and the present action will be stayed until further order of the court, or until the New York proceeding terminates in a decree.