## CHIPMAN v. WEST UNITED VERDE COPPER CO. et al.

### (District Court, D. Delaware.    April 20, 1920.)

### No. 383.

Courts ⚖︎308—Diversity of citizenship must exist as to all parties on one side and all parties on the other.

A federal court is without jurisdiction of a suit on the ground of diversity of citizenship, unless it appears from the record that such diversity exists between all the parties on one side and all the parties on the other.

In Equity. Suit by Russell H. Chipman against the West United Verde Copper Company and others. On motion to dismiss bill. Sustained.

J. Frank Ball and James Saulsbury, both of Wilmington, Del., for plaintiff.

John R. Nicholson, of Wilmington, Del., for defendants.

MORRIS, District Judge. Russell H. Chipman, a citizen of the state of New York, filed his bill of complaint against the West United Verde Copper Company, a Delaware corporation. Subsequently the complainant by amendment to the bill added several individuals as parties defendant. The defendant corporation moves for the dismissal of the bill on the ground that it now appears that one or more of the individual parties defendant are citizens of the same state of which the complainant is a citizen; the sole ground of jurisdiction alleged in the bill being diversity of citizenship.

Section 24 of the federal Judicial Code (section 991, U. S. Comp. Stat.) provides:

"The district courts shall have original jurisdiction as follows: * * * First. Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and * * * is between citizens of different states. * * *"

The Supreme Court, in Mexican Central Railway v. Pinkney, 149 U. S. 194, 200, 13 Sup. Ct. 859, 862 (37 L. Ed. 699), said:

"The rule is that, to give the Circuit Courts of the United States jurisdiction on the ground of the diverse citizenship of the parties, the facts showing the requisite diverse citizenship must appear in such papers as properly constitute the record of the case."

It is well settled that the required diversity of citizenship does not exist unless all the parties on one side of the controversy are of diverse citizenship to those on the other. Raphael v. Trask, 194 U. S. 272, 276, 277, 24 Sup. Ct. 647, 48 L. Ed. 973; Strawbridge et al. v. Curtiss et al., 3 Cranch, 267, 2 L. Ed. 435; Coal Company v. Blatchford, 11 Wall. 172, 20 L. Ed. 179. Section 51 of the Judicial Code (section 1033, U. S. Comp. Stat.) is not now involved. The record in this case as it now stands shows that one or more of the defendants are citizens of the same state as the plaintiff, and consequently that this court is

without jurisdiction over the controversy. The bill of complaint must be dismissed unless the plaintiff shall, within a time to be fixed by the order, by appropriate proceedings vest the court with jurisdiction.

In view of the foregoing conclusion, it becomes unnecessary now to consider the second ground of the motion to dismiss.

An order in conformity herewith may be prepared and submitted.