## MERCHANTS TRANSFER & STORAGE CO. v. FIRST FEDERAL FOREIGN BANKING CORPORATION et al.

### No. 419.

Circuit Court of Appeals, Second Circuit.

Aug. 13, 1935.

Oppenheimer, Haiblum & Kupfer, of New York City (Milton P. Kupfer and Eli S. Silberfeld, both of New York City, of counsel), for appellant Merchants Transfer & Storage Co.

Duryee, Zunino & Amen, of New York City (John Harlan Amen and Henry L. deGive, both of New York City, of counsel), for defendant-appellee.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The decree from which this appeal was taken awarded to the defendant a fund which the plaintiff and it both claimed. The essential facts are undisputed and are as follows:

In June, 1931, Berry Bros., of Detroit, Mich., ordered 100 bags of shellac of an importer in New York City named Price. Price in turn procured a like amount of shellac to be shipped to him from India with which to fill the Berry Bros.' order. On June 11, 1931, this shellac was shipped to Price from India under a bill of lading issued by the ocean carrier in a set of three originals. On July 7th Price billed Berry Bros. for the shellac at $2,255.50 on credit net 90 days. The next day Price assigned to the plaintiff-appellant this account against Berry Bros. as partial security for a loan of $6,000 then made to him by the appellant. Some time after that Price received the three originals of the bill of lading issued by the ocean carrier which were indorsed in blank by the shipper. On August 7th the ship carrying the shellac arrived in New York. On August 8th, and while the shellac was still aboard ship, Price delivered two of the originals of the bill of lading to the defendant-appellee in substitution for other collateral which appellee then held as security for a loan it had made to Price and which it then returned to him. At this time the appellee was unaware of the assignment of the account against Berry Bros. by Price to the appellant. Nor did it know that Price was retaining, as he in fact was, the third original bill of lading for the shellac, except what was to be inferred from the statement contained in each original it received that it was one of a set of three like documents. On August 11th Price presented to the ocean carrier the one original bill of lading he had retained and directed shipment of the shellac to Berry Bros., who received it in due course and paid for it by check sent to Price. Meanwhile Price absconded. The check was received by one Rankin as trustee, and Rankin cashed it. The fund so created is now being held subject to whatever decree should be entered in this action. Another fund created in a similar way is involved, but the facts relating to it need not be stated, for the legal principles applicable to one are equally so to the other, and it has been stipulated that the party entitled to one fund is entitled to both.

Regardless of the danger which lurks in the use of a bill of lading issued in sets of originals and the legal limita-

tions in this country upon their use, it is unquestioned that this bill of lading issued in India was valid. Up to the time Price delivered the two originals to the appellee, he had done nothing to transfer the title to the shellac. He had sold a like amount of shellac to Berry Bros., had billed them for it, and had assigned his bill against them to the appellant. Yet that had no effect upon the title to the shellac en route from India. He was free to deliver any shellac of the quantity and quality ordered by Berry Bros. in fulfillment of that order. When, however, he delivered the two originals of the bill of lading to the appellee, that party acquired the title to the shellac he had ordered from India. The particular 100 bags of shellac became the defendant's property. It made no difference that Price retained one original so far as title to the shellac was concerned. His negotiation of one or two of such originals for value transferred to the defendant his title to the shellac quite as effectively, so far as validity of title is concerned, as though he had delivered all three originals to it. Barber v. Meyerstein, L. R. 4 H. L. 317; First National Bank v. Ege, 109 N. Y. 120, 16 N. E. 317, 4 Am. St. Rep. 431; Williston on Sales (2d Ed.) § 441. The retention of the one original merely permitted Price to indulge in the fraudulent conduct of which he was subsequently guilty. Doubtless his delivery of that original to the ocean carrier was sufficient justification for its relinquishing its possession of the shellac, though that question is not an issue here. It is enough for present purposes that the shellac which Price used to fill the Berry Bros. order was shellac owned by the defendant. It was this shellac for which Berry Bros. paid. That it held the title only as security for a loan which has never been paid is of no consequence upon the issue in this action.

■■ This being so, the result is that, when Rankin received the proceeds of the Berry Bros.' check, she received the proceeds of the sale of the defendant's property. Rankin's possession of the proceeds was in law the same as that of Price. The proceeds are to be charged with a constructive trust for the benefit of the owner of the property fraudulently used to create them. Baltimore & O. Tel. Co. v. Interstate Tel. Co. (C. C. A.) 54 F. 50; Finnegan et al. v. McGuffog, 139 App. Div. 899, 123 N. Y. S. 539; Huntley v. Denny, 65 Vt. 185.

It is argued that the assignment to the appellant of the account Price had set up against Berry Bros., being prior in time, was sufficient as between these litigants to turn the scales in favor of the appellant upon the theory that, as they both stand as innocent injured parties with equal equities in the fund, the first in time should prevail. See Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 44 S. Ct. 266, 68 L. Ed. 628, 31 A. L. R. 867. But they by no means have equal equities in a fund consisting of the proceeds of the conversion of appellee's property held as though in the possession of the wrongdoer. All the appellant has is an assignment of a book account which created no obligation on the part of Berry Bros. to pay Price anything until he made delivery of the goods. When he delivered to Berry Bros. the defendant's shellac instead of his own, he obtained no legal right to withhold from the defendant the payment made to him for that shellac. As the assignee of Price's claim against Berry Bros., the appellant has no greater right to the fund which arose from the Berry Bros.' payment than Price would have had. The fund did not grow out of the account assigned the appellant, but on the contrary came from the wrongful conversion of the appellee's goods. As the necessary parties are before the court, the proceeds of the shellac may be decreed to the true owner.

Decree affirmed.