DULTMEIER MANUFACTURING COMPANY, Appellant, v. VICTOR KULOW et al., Appellee.

No. 45530.

NOVEMBER 12, 1941.

C. Glenn Garten and James M. Stewart, for appellant.

D. G. Douglass, for appellee, Victor Kulow.

MITCHELL, J.—Plaintiff commenced this action at law on a purchase order for a metal grain bin. The order was signed by the defendant, Victor Kulow, as purchaser, and by R. L. Thompson for Thompson Implement Company, a dealer. The plaintiff brings the action by virtue of an assignment of the said purchase order from Thompson Implement Company to it, in consequence of which purchase order the plaintiff had shipped one grain bin in accordance therewith. This suit was brought against Victor Kulow, as original purchaser, and against Thompson Implement Company, the dealer. Service of original notice was not effected upon the dealer and the only parties to the action are the plaintiff and the defendant, Victor Kulow.

To Count II of the plaintiff's Amended and Substituted Petition, the defendant demurred on the ground that in said Count II the plaintiff failed to allege or state that the defendant was in any manner given notice of any assignment to the plaintiff of the purchase order, and for the reason "that without notice to him said alleged assignment is in no manner binding on this defendant."

The trial court sustained the demurrer to plaintiff's second count and the plaintiff having elected to stand on said ruling, judgment was rendered against it for costs. Plaintiff excepted and has perfected this appeal.

This case does not involve a contest between two or more assignees claiming against the same debtor. Nor is it a case where the debtor has set up an affirmative defense claimed to be available to him by reason of ignorance of the assignment. This is a case brought by the assignee against the debtor.

Code section 9451, 1939 Code, provides for the assignment of nonnegotiable instruments. We quote the section:

"9451 Assignment of nonnegotiable instruments. Bonds,

duebills, and all instruments by which the maker promises to pay another, without words of negotiability, a sum of money, or by which he promises to pay a sum of money in property or labor, or to pay or deliver any property or labor, or acknowledges any money, labor, or property to be due, are assignable by indorsement thereon, or by other writing, and the assignee shall have a right of action thereon in his own name, subject to any defense or counterclaim which the maker or debtor had against any assignor thereof before notice of such assignment.''

In the case of Salem Trust Co. v. Manufacturers' Finance Co., 264 U. S. 182, 197, 44 S. Ct. 266, 270, 68 L. Ed. 628, 31 A. L. R. 867, we find the following specific language:

"There is no decision of this Court which sustains the contention that, as between successive assignees of the same chose in action, mere priority of notice gives priority of right. It seems to us that the better reasons are against such a rule. By the first assignment, the rights of the assignor pass to the assignee. The creditor has a right to dispose of his own property as he chooses and to require the debt to be paid as he directs, without the assent of the debtor. See Story, Equity Jurisprudence, 11th ed., §1057. Notice of the assignment to the debtor adds nothing to the right or title transferred. A subsequent assignee takes nothing by his assignment, because the assignor has nothing to give. See Judson v. Corcoran, supra, 614 [17 How. (U. S.) 611, 15 L. Ed. 231]. If, after assignment, the assignor receives payment from the debtor, he is liable to the assignee. Failure of the first assignee to give notice does not divest him of any title or right or vest any claim in a subsequent purchaser. It cannot injuriously affect an intending purchaser who makes no inquiry of the debtor concerning the assignor's title. The debtor is not bound to answer inquiries concerning the assignor's title, and there can be no assurance that an intending purchaser can ascertain the incumbrance by inquiry of the debtor having notice of the earlier assignment.''

The above language was approved expressly and quoted by this court in the case of Ottumwa Boiler Works v. O'Meara &

Son, 206 Iowa 577, 583, 218 N. W. 920, 923, the language of this court is as follows:

"We are disposed to adopt the rule and reasoning announced by the highest tribunal in the land. It appears to us that it is logical and consistent, and we approve of and adopt it. We hold at this point that the appellant, being in fact the first assignee, was entitled to priority over the bank, the second assignee, although the latter first gave notice of its assignment to the county official."

The right to the purchase money represented by the order of goods passed to the appellant by virtue of the assignment. If the debtor claims that he has been prejudiced by the failure to give notice to him, it is his duty to plead that as an affirmative defense.

The demurrer admits the truth of the allegations contained in the petition. It admits that an assignment was made to the appellant of the rights which Thompson acquired against the appellee. That the "Red Top bin" was received by appellee from the appellant.

It necessarily follows that the trial court erred in holding that an allegation of notice of the assignment was necessary to be made upon the debtor, in order to state a cause of action.— Reversed.

MILLER, C. J., and SAGER, HALE, OLIVER, GARFIELD, WENNERSTRUM, and BLISS, JJ., concur.