Donald R. CASTEEL, by next friend, Georgia Casteel Jones

v.

GREAT SOUTHERN TRUCKING COMPANY and Ralph J. Medders.

Civ. A. No. 3303.

United States District Court
E. D. Tennessee, S. D.

Oct. 30, 1958.

Kelley & DiRisio, Chattanooga, Tenn., for plaintiff.

Kefauver, Duggan & McDonald, Chattanooga, Tenn., for defendants.

DARR, Chief Judge.

On July 28, 1958, the defendants filed a petition to remove this case from the Circuit Court of Hamilton County, Tennessee, to this court. On August 11, 1958, the plaintiff filed a motion to remand because the amount sued for did not exceed $10,000.

On July 25, 1958, an amendment to the statutes regarding jurisdiction of the federal district courts raised the minimum amount required for jurisdiction from over $3,000 to over $10,000. The statute applicable here is 28 U.S.C. § 1332 as amended. The amending act, Public Law 85-554, stated in section 3 that, "This Act shall apply only in the case of actions commenced after the date of the enactment of this Act." 72 Stat. 415. The defendants contend that the case now before the Court was commenced (in the state court) prior to July 25, 1958, and that the amending Act does not apply. The plaintiff contends that "commenced", as used in the Act, means "commenced in the federal court".

The question is one of jurisdiction, and prior to the time of the filing of the petition for removal there was no jurisdiction in this court. It is true that there was inchoate jurisdiction from the time of the filing of the case in the state court until the effective date of the statute, but this inchoate jurisdiction was not exercised by this Court and was cut off by the passage of the amendment to the Code section in question. Lorraine Motors, Inc. v. Aetna Casualty & Surety Co., D.C.E.D.N.Y.1958, 166 F.Supp. 319. It has long been well settled that the jurisdictional requirements must be met at the time when the federal court assumes jurisdiction of the case. Salem Trust Co. v. Manufacturers' Finance Co., 264 U.S. 182, 44 S.Ct. 266, 31 A.L.R. 867. As stated in 76 C.J.S. Removal of Causes § 2, page 918, " * * * the law in effect at the time of the application to remove controls".

The motion to remand is granted.

Order accordingly.