Stephen A. Sheller, Philadelphia, Pa., for plaintiff.

Edward L. McCandless, Jr., Philadelphia, Pa., for Ryder Truck Lines and I.U. International, Inc.

Joseph T. Bodell, Jr., Philadelphia, Pa., for American Druggists, Inc., John Gibbons and Thomas Gibbons.

Michael P. McKenna, Philadelphia, Pa., for Texas Tech University.

Richard S. March, Jay M. Levin, Philadelphia, Pa., for Jaymie Rogers.

**Blossom Myers DOUGLAS, Administratrix of the Estate of Yvette Myers, Deceased, and Blossom Myers Douglas, Individually and Sandra Hollie**

v.

**RYDER TRUCK LINES, INC., Now Known as Ryder/P–I–E Nationwide, Inc. and I.U. INTERNATIONAL**

v.

**AMERICAN DRUGGISTS INSURANCE COMPANY and Texas Tech University and Jaymie Rogers and John Gibbons and Thomas Gibbons t/a Gibbons Trucking.**

Civ. A. No. 84–2066.

United States District Court,
E.D. Pennsylvania.

Nov. 8, 1984.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the court is plaintiffs' motion to remand this case to the Pennsylvania Court of Common Pleas, Philadelphia County. For the reasons stated herein, the motion will be granted.

### I. FACTS

This action arises from a collision between an automobile and a tractor-trailer which occurred in Pecos, Texas, on April 24, 1983. The decedent, Yvette Myers, and

plaintiff, Sandra Hollie, were passengers in the automobile which collided with the tractor-trailer.

On February 6, 1984, plaintiffs commenced the action in Pennsylvania state court. Defendants removed the action to this court. In their petition for removal defendants claim that this court has original jurisdiction over the action pursuant to 28 U.S.C. § 1332(a)(1) since it is a civil action wherein the matter in controversy both exceeds the sum of $10,000.00 and is between citizens of different states.

Plaintiffs, who are all citizens of Pennsylvania, now seek to remand the case claiming that defendant I.U. International, Inc. ("I.U.") has its principal place of business in Philadelphia, Pennsylvania, thus making I.U. a citizen of Pennsylvania under 28 U.S.C. § 1332(c) and preventing the complete diversity required under 28 U.S.C. § 1332(a)(1). *See Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 373, 98 S.Ct. 2396, 2402, 57 L.Ed.2d 274 (1978).

## II. DISCUSSION

Section 1441(a) of Title 28 of the United States Code permits any civil action brought in state court to be removed to the federal district court for the district embracing the place where the action is pending if the district court has original jurisdiction over the matter. A federal district court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $10,000.00, exclusive of interest and cost, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). When a corporation is involved in the action, the corporation is deemed a citizen of any state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

In determining where a corporation's principal place of business is located, this court is guided by the Third Circuit Court of Appeals' decision in *Kelly v. United States Steel Corporation,* 284 F.2d 850 (3d Cir.1960). In *Kelly,* the court adopted an operational test for determining a corporation's principal place of business, looking to the place where the corporation has its "headquarters of day-to-day corporate activity and management." *See United States Fidelity and Guaranty Co. v. DiMassa,* 561 F.Supp. 348, 351 (E.D.Pa.1983), *aff'd,* 734 F.2d3 (3d Cir.1984).

I.U. is a holding company with approximately 200 wholly-owned subsidiaries located in the United States.[1] In a holding company situation, the holding company conducts very few day-to-day activities which affect itself. Rather, it makes and implements the broad policy decisions which affect the subsidiaries. In such cases, the principal place of business of the holding company would be the place where the broad policy decisions are implemented on a day-to-day basis.

In this case, I.U. does not make *and* implement the broad policy decisions which affect its subsidiaries. Rather, I.U., through its board of directors, only makes the broad policy decisions. The implementation of those decisions is left to I.U. Management Corporation ("Management Corporation"), an I.U. subsidiary located in Philadelphia, Pennsylvania. Thus, Philadelphia is where I.U. has its principal place of business since it is there that the broad policy decisions affecting I.U.'s subsidiaries are implemented on a day-to-day basis.[2]

The fact that Management Corporation is a legal entity separate from I.U. does not preclude the location of Management Corporation from also being the location of I.U.'s principal place of business. As *Kelly* instructs, in determining where the principal place of business is located, courts must look to the place where day-to-day corporate management is headquartered. *Kelly,* 284 F.2d at 854. In this case, while the broad policy decisions as to the activi-

---

1. In addition to being a holding company, I.U. has two operating divisions. These divisions, however, are an insignificant part of the corporate structure of I.U.

2. Among the services provided by Management Corporation to I.U. and I.U.'s subsidiaries in furtherance of the broad policy decisions made by I.U.'s board of directors are computer services, legal services, public relation services and accounting services.

ties of I.U.'s subsidiaries are made by I.U.'s board of directors, the day-to-day management of these activities is controlled by Management Corporation located in Philadelphia. Such a finding does not disregard Management Corporation's separate corporate status but, rather, only recognizes that this separate entity is the instrumentality through which I.U.'s broad policy decisions are carried out. The location of the instrumentality, Philadelphia, Pennsylvania, is the location of the principal place of business of defendant I.U.

### III. CONCLUSION

The principal place of business of defendant I.U. is Philadelphia, Pennsylvania,[3] making I.U. a citizen of Pennsylvania under 28 U.S.C. § 1332(c). Since plaintiffs and defendant I.U. are citizens of Pennsylvania, complete diversity is lacking and removal from state court was improper.[4] Accordingly, the case shall be remanded to state court.

3. The court notes that another court in this district has stated that I.U.'s principal place of business is in Philadelphia, Pennsylvania. *Valenti v. International Mill Services, Inc.,* No. 84–1218 (E.D.Pa. September 28, 1984), slip op. at 2, n.1.

4. The court also rejects I.U.'s argument that under *Salem Trust Company v. Manufacturers' Finance Company,* 264 U.S. 182, 44 S.Ct. 266, 68 L.Ed. 628 (1924), its citizenship is irrelevant. The court finds that if plaintiffs' allegations regarding the relationship between defendant I.U. and defendant Ryder/P–I–E Nationwide are true, plaintiffs may be permitted to recover against I.U. for the acts of its subsidiary Ryder/P–I–E Nationwide.