NATIONAL HEALTH LABORATORIES, INCORPORATED, Plaintiff,

v.

UPSTATE TESTING LABORATORY, INC. f/k/a OmniLab, Inc. and Coffield, Ungaretti & Harris, Defendants.

No. 95 C 85.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 27, 1995.

**118**

Matthias A. Lydon, Timothy P. O'Connor, Chicago, for plaintiff.

Deborah A. Golden, Chicago, IL, Christopher Massaroni, Albany, NY, Michael D. McCormick, Brian W. Ellis, Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Plaintiff, National Health Laboratories, Incorporated ("NHL"), filed suit in the Circuit Court of Cook County against defendants, Upstate Testing Laboratory, Inc. f/k/a Omni-

Lab, Inc. ("Omni") and the law firm of Coffield, Ungaretti & Harris ("Coffield"). The complaint sought a declaratory judgment with respect to disbursement of funds under an Escrow Agreement that was attached to a purchase agreement between NHL and Omni. Under the Escrow Agreement certain funds were put in escrow at the time of the closing of a sale of Omni's assets to NHL in December, 1993. Coffield was the escrow agent under the Escrow Agreement.

On January 6, 1995, Omni removed this action to federal court. In its removal petition, Omni alleged, and it is undisputed, that NHL is a corporation organized under the laws of the state of Delaware, with its principal place of business in California. Omni admitted that defendant Coffield [1] is a citizen of Illinois. Ordinarily therefore the action would not be removable to federal court pursuant to 28 U.S.C. § 1441(b). In addition, Coffield did not consent to removal. NHL seeks to have this action remanded to state court.

■ I agree with Omni that Coffield is at most a "nominal" party whose presence cannot defeat removal on grounds of diversity of citizenship. The rule is stated in *Salem Trust Co. v. Manufacturers' Finance Company,* 264 U.S. 182, 189–90, 44 S.Ct. 266, 267, 68 L.Ed. 628 (1924), in which the Supreme Court held that the joinder of a nominal party as a defendant cannot defeat removal to federal court. In that case the Supreme Court specifically held that a mere stakeholder was not a formal or necessary party.

In the present case the Escrow Agreement itself provides that the duties of Coffield are purely ministerial. ¶ 5(a). The agreement also provides that the escrow agent shall have no liability whatsoever to either Omni or NHL apart from willful misconduct, gross negligence or breach of custodial duties. *Id.* Indeed NHL and Omni are required to hold Coffield harmless from any liability, claim, damages, or actions. ¶ 7. The complaint alleges no misconduct by Coffield. Accordingly, there is no possibility of any judgment of liability against Coffield in this action.

---

1. In fact Coffield is a partnership and the citizenship of each of the partners would have to be considered for purposes of diversity of citizen-

ship. *Rosenthal and Co. v. Dodick,* 365 F.Supp. 847, 849 (N.D.Ill.1973). That consideration is not relevant to this motion.

Coffield's citizenship and the fact that it did not join in removing this action to federal court must therefore be disregarded. *Salem Trust Co. v. Manufacturers' Finance Company, supra; Metropolitan Property and Casualty Insurance Company v. J.C. Penney Casualty Insurance Company*, 780 F.Supp. 885, 889 (D.Conn.1991). NHL's motion to remand is therefore denied.

■ Omni has also filed a motion to dismiss or to transfer. Omni argues that this court lacks personal jurisdiction over Omni and alternatively seeks transfer to the Northern District of New York. Omni's motions are denied. In the Escrow Agreement discussed above Omni specifically consented to jurisdiction in Illinois courts. Omni further specifically waived any right to seek venue in any other district. The Seventh Circuit has repeatedly held that parties will be bound by their forum selection clauses. *E.g., Omron Healthcare, Inc. v. Maclaren Exports Limited*, 28 F.3d 600 (7th Cir.1994); *Northwestern National Insurance Company v. Donovan*, 916 F.2d 372, 398 (7th Cir.1990).

■ Omni argues that the essence of the dispute in this case involves the Asset Purchase Agreement and not the Escrow Agreement. Therefore, it argues, this court should not apply the consent to jurisdiction clause in this case. I disagree. The Escrow Agreement provides that

"[i]n connection with any action or proceeding instituted by any party arising out of this Escrow Agreement or any transaction or agreement contemplated hereby, each party consents and submits to the jurisdiction of any state or federal court located in the State of Illinois and waives any right it may have to transfer or change the venue of such action or proceeding."

The Asset Purchase Agreement provides that NHL was to use its best efforts to keep certain customers in place. The Escrow Agreement provides a formula under which either NHL or Omni is to receive certain funds depending upon sales from these customers. Although Omni argues that NHL violated the best efforts clause of the Asset Purchase Agreement, the amount of money that either it or NHL will ultimately receive is dependent on the formula stated in the Escrow Agreement. Accordingly, the question of "best efforts" and the Asset Purchase Agreement involve a "transaction or agreement contemplated" by the Escrow Agreement.