**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 06-1953

BAHIG F. BISHAY,

Plaintiff, Appellant,

v.

AMERICAN ARBITRATION ASSOC. AND BRIGHTON AVENUE ASSOCS., LLC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M Gorton, U.S. District Judge]

Before

Torruella, Lynch and Lipez,
Circuit Judges.

Bahig F. Bishay on brief pro se.
John M. Simon, Kay H. Hodge and Stoneman, Chandler & Miller LLP on brief for appellee American Arbitration Association.
James S. Singer and Rudolph Friedmann LLP on brief for appellee Brighton Avenue Associates, LLC.

March 27, 2007

**Per Curiam**.  We affirm the judgment of dismissal substantially for the reasons set forth in the magistrate judge's Report and Recommendation dated April 13, 2006, which the district judge adopted in an Order dated May 5, 2006.  We add only the following comments.

A commercial dispute between Bahig Bishay and Brighton Avenue Associates, LLC ("BAA") was submitted to arbitration conducted by the American Arbitration Association ("AAA").  In due course, a three-member arbitration panel issued a final award mostly favorable to BAA.  Dissatisfied with the result, Bishay filed the instant pro se action against both AAA and BAA, alleging that the award had been "procured by corruption, fraud, or undue means" within the meaning of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 10(a)(1).  Federal jurisdiction was premised on diversity of citizenship.  Cf. Bull HN Info. Sys., Inc. v. Hutson, 229 F.3d 321, 328 (1st Cir. 2000) ("the FAA itself does not create a basis for federal subject matter jurisdiction").  Defendants moved to dismiss for lack of jurisdiction (among other grounds)--contending that, because Bishay and BAA were both citizens of Massachusetts, the requisite "complete diversity of citizenship" was lacking. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996).  The district court agreed and dismissed on that basis.

Bishay advances a single challenge to this ruling--insisting that, because BAA is only a "nominal" party to the dispute, its citizenship can be disregarded for purposes of determining diversity. See, e.g., Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980) ("a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy"). He characterizes the instant suit as a simple contract dispute between himself and AAA. In his view, he enlisted AAA to perform a service; AAA failed to do so; and so he is entitled to a refund of all monies he paid to AAA.

Yet Bishay's complaint sought much more than a refund from AAA; it also requested a court order vacating the arbitration award and directing that his commercial dispute with BAA be considered de novo by a new arbitration panel unaffiliated with AAA (or by the court itself). Given that the award was predominantly in BAA's favor, Bishay is thus mistaken in arguing that BAA was a nominal party with "no interest in the controversy." Salem Trust Co. v. Mfrs.' Finance Co., 264 U.S. 182, 190 (1924); see, e.g., H.D. Corp. of Puerto Rico v. Ford Motor Co., 791 F.2d 987, 992 (1st Cir. 1986) (noting that one factor in determining whether citizenship of non-diverse party can be disregarded is "to what extent a judgment rendered in the person's absence might be prejudicial" to that party)

(quoting Fed. R. Civ. P. 19(b)). We therefore agree with the district court that complete diversity of citizenship was absent and that the court consequently lacked jurisdiction.

Affirmed.